case number 22, 23, 29, 22, 26, 77. Parks v. Stephenson Law. Good morning, Your Honors. I'm Andrew Celi and I represent the appellant cross appellee Holly Parks. Your Honors, an offer of judgment under Rule 68 exerts significant pressure on the offeree. It's non-negotiable. It's got a very short fuse, just 14 days to accept it. And it carries the risk of forcing the offeree to pay the cost of the other side if the offer is declined and the trial goes forward. Excuse me, Mr. Celi, I've always been curious about something here. You say it's non-negotiable. In practice, you couldn't call up the other side and say, wait, does this mean this or does this mean that? Or suppose we'd be happy to take this if you are not allowed to do that? No, I think we would have been allowed to do that, but that converts what is a Rule 68 offer of judgment into a negotiation of a settlement agreement, which is a different thing. Yeah. One could do that. One could do that. What I would say to Your Honor, though, as somebody who represents plaintiffs a lot, an offer of judgment has a great attraction to a plaintiff because it's a victory. You're getting a judgment against the other side. And in this case, the offer was very clear. In fact, there are three aspects of it that are really undisputed that I think settle the case, that resolve the case from this Court's point of view. The first is that the offer simply does not refer in any way explicitly to fees or 1988 or costs. That's key on our appeal, on the case. It does not explicitly refer to the Court of Claims case. It doesn't mention it. It doesn't say the name of it or the case number or even the fact that there's another case in the Court of Claims. And by the way, to be clear, that Court of Claims case was filed two years before the federal case that this offer of judgment was designed to address. So everybody knew about this. The Attorney General's Office were the lawyers in both cases. And this is – there were no secrets. And it's very much unlike the cases where somebody files a subsequent case and then says, well, you know, we didn't sue them in the first case, but we're going to sue them in the second case. The Court of Claims case was the primary in the first case. And it's undisputed that it wasn't mentioned. And then the third thing – Could you help me with one other thing? Suppose I agreed with you that the second sentence of the offer about resolving all of these claims and precludes any further recovery or award, suppose I agreed with you that that can't refer to the Court of Claims case and could this be precluding other than costs and attorney's fees? What meaning would you attribute to that? Right. Well, I think it's important to read that sentence, obviously, in the context of the previous sentence. But even on its own, you have to read it as a full sentence. And what it's doing is it's describing the preclusive effect of the prior sentence. That's really what it's doing. It's notifying the party that there's going to be preclusion in res judicata here with respect to the claims against the named parties for damages. That's how these two sentences work together. And what's happened here is the Attorney General's Office has tried to not only decouple the two sentences, but take that second sentence and divide it in half and have it be a standard. So what you're essentially saying is that the way you read this, the word preclude has not, well, which might be read by dictionary definition somewhat broadly, has a more term of art, legal meaning of this is how much, what the issue in claim preclusion will do to you. Exactly. Exactly. And I think it's important to look at even the beginning part of that sentence, which says plaintiff's acceptance shall resolve and then shall preclude. It's telling us what the effect of the prior sentence is. It's not, it doesn't say plaintiff is waiving any claims, plaintiff is giving up. It's nothing like a general release or a quit claim or a covenant not to sue, which is how they're trying to characterize it now. So it is, and this is typical in this kind of a situation where they wanted to be clear that there was going to be preclusive effect of this. And there is preclusive effect. It just doesn't reach the state of New York because there is no claim splitting, and they don't assert that there is, with respect to the state of New York, because the state of New York's claims can only be brought under the 11th Amendment in the court of claims. Can I ask you about the language, the any other recovery award? I mean, we commonly, ordinarily use, you know, an award of costs or an award of fees. It seems like you're, by separating those out, you're in fact kind of creating, you're asking us to create a magic word requirement that would not be encompassed by, to say that costs and fees are not encompassed by this language. I think this court could easily decide for us without a magic word rule, but I think a magic word rule would be helpful. It might be helpful, but we've got precedent saying it's not a magic word rule, right? Well, there's a citation to another circuit where they say it's not a magic word rule. I mean, we don't need it in the case. But I think to go directly, Judge Park, to your point about what are we talking about here, there are cases that say, including from this circuit and the one I'm thinking of, I think is Steinman, that says that a fee claim is collateral to claims. It's not part of the substantive claim, and therefore, it wouldn't be part of the substantive recovery or award. I think that helps you on the claim part, but I'm focusing more on that. Steiner didn't include this language about, you know, for the recovery or award, and that seems much closer to. That's true, and if it said, I think I'd be in a worse position. I know I'd be in a worse position, and I would have been put on notice as the lawyer for the plaintiff, if this had said the plaintiff voluntarily agrees to dismiss and disclaim any claim or any recovery or award. But that's not what the sentence says. What it says is plaintiff's acceptance shall resolve and preclude. It's descriptive rather than prescriptive. We had asked you to address the role of the anti-injunction statute. Yes, Your Honor. And I thought you might do that. Sure. Well, we think it's not ripe for the court. It's really not before the court at this point because essentially, if one goes back to the papers in the district court, what one sees is that they were seeking an interpretation or declaration of what the offer of judgment means. I mean, that's what we're all here talking about. And should this court determine that the offer includes the court of claims case and that we have to dismiss that, which it should not for 12 reasons that I'm happy to talk about, but if that were the court's ruling, we would simply dismiss it. There would be no need to address whether or not a district judge has authority under the Anti-Injunction Act to order an injunction of a state proceeding. And I would suggest to the court, like, let's not jump to that conclusion. Let's interpret the offer of judgment and let the parties do what the parties are going to do. I'm committing to you that if you rule against us on that issue, we're going to dismiss the case in the court of claims. But that, of course, substantively, we don't think that that's the right result. But if you didn't and there was an injunction, then we'd have that problem. But for now, no one has asked for or gotten any such injunction. That's right. And we addressed this, Judge Lynch, at the end of our letter, follow-up letter. And we say, actually, it doesn't apply. The exception for relitigation should not apply in this situation for the same reason that we were talking about a moment ago, which is the preclusion doesn't apply to the state of New York. The state was not a party in this federal case. The state could not have been a party in this federal case. And so there can be no claim preclusion or claim splitting with respect to the state that would fall under the relitigation exception to the Anti-Injunction Act. Unless there are further questions, I'll reserve the balance of my time. Thank you. Thank you, Counsel. May it please the Court, Frederick Brody for the supervisory defendants. The offer of judgment said plaintiff's acceptance shall preclude any further recovery or award. Plaintiff is not entitled to attorney's fees in the federal case because that would be a further award. Plaintiff is not, plaintiff is foresworn any recovery in the court of claims because that would be a further recovery. Dealing first with plaintiff's appeal. The offer on its face barred an award of attorney's fees because that would be a further award. Section 1988 is called the Civil Rights Attorney's Fees Awards Act. Marrick against Chesney, the Supreme Court case on which plaintiff relies, repeatedly refers to costs and fees as being awardable. In his own declaration on the fee motion, Mr. Chelley stated that he sought, quote, an award of attorney's fees, close quote. Because the offer barred any further award, it was not necessary to use the words fees and costs. They are subsumed within the word any. Turning to the cross appeal. Well, I think you're saying that the word award unambiguously refers to something that is labeled in the statute an award, right? It's not the any that's doing the work. I think it's the award. Right. Well, it's a word coupled with any further. Yeah, okay. Any further award. But if it just said any further recovery, we'd have a very different case, wouldn't we? Well, right, because recovery isn't an award of fees. But recovery or award encompass both recovery on the merits and an award of fees. And to be clear, this is an all-in offer. So the $2.25 million, which is a very substantial settlement sum, it's a substantial case. We made a substantial offer. That includes both fees and costs. So what they get is both their fees, an award, and their costs. I'm sorry, their fees, an award, and their substantive claims, a recovery. But they don't get any further award or recovery because everything is paid for in that lump sum. The merit says for Rule 68 you should specify when costs are included. And, you know, I understand your argument. You're trying to encompass that within an award, but it doesn't say costs. It says any further award, and our position is that that's unambiguous. Remember, in Steinman, this court said the issue isn't whether you use the magic words, fees and costs. The issue is whether your offer is unambiguous. And when we say you're getting $2.25 million, you're not getting any further award. You're not getting any further recovery. To us, that's unambiguous, and I think it's unambiguous to the reasonable reader. Turning to the cross appeal, the supervisory defendants have construed the offer correctly. The two sentences in the offer's first paragraph work together in tandem. The first sentence dismissed the federal case with prejudice. And remember, a with prejudice dismissal has race judicata effect. So that means you can't bring another case on these facts. The second sentence prevented any further recovery award. Well, wait, wait, wait, wait, wait. You skipped about 20 words. It says they shall dismiss all claims for all damages arising from the facts alleged. If it said that in period, then you'd be in great shape. But then it's all damages arising from the facts which were or could be brought in this court. Well, that's right. The state case is not covered by that. Against any and all named defendants, the state case is not covered by that because named defendants is a term of art defined to include the defendants named in this litigation, right? So how do you deal with that language? Two things. Two ways the offer goes further. First, the dismissal is with prejudice. So, sure, you dismiss just the claims in the federal case. But you dismiss them with prejudice. With prejudice dismissal has race judicata effect. That means it has the effect of barring any other claims that are or could have been brought. But this could not have been brought. That's the whole point. We'll get to could not have been brought. Yeah. But the other thing is that it then goes on to reinforce that in the second sentence. And it says, and you're not getting and, note the conjunction, and, it's not just what you get in that first sentence, but and you're also not going to get any further recovery or any further award. And that's not limited. Well, that's not limited to anything. I mean, suppose the next day she gets hit by a truck owned by the State of New York and files a lawsuit. It obviously can't apply to that, right? Well, that's right. So why isn't this limited to this case? This is the case that's being settled. There's no further anything. I take your point about the attorney's fees. I think you have a much stronger case on that. But you get no further recovery or award in this case. No further awards in any other litigation against the State of New York that you might happen to have brought. Well, Your Honor, you put your finger on it. It doesn't say any further recovery or award in this case. It says, and What else could it mean? It means, then it means it has no limitation. If she has another suit pending against the State of New York on unrelated matters, that precludes it. It's precluded by this sentence. That's what it does. Well, no, because we addressed that in our reply brief. This is functionally a settlement. And New York law, there's a case from the Court of Appeals we cited that says, look, you obviously don't reasonably construe a settlement to encompass totally unrelated matters. You have to construe it in light of the party's reasonable expectations. Now, what would a reasonable This is not a settlement. This is a different beast. And there's a reason why it's a different beast, which is it is not something that has been negotiated. It's something that they are offered that they can take or not take. It seems to me that is the sort of crux of our cases saying you have to be very explicit. Because if they take something like this, and there's sort of a hidden bomb somewhere that they're giving up more than they might think they're giving up, that's not fair. That's why these things are all construed against you, against the offeror, in any situation where there's ambiguity. Well, it is explicit. It says you're not getting any further recovery or reward. Yeah, but that's in settling this case. Those are words that Your Honor has just read into that phrase. But the phrase doesn't say that. And it's reasonable. I'm still asking you, where does any other limitation come from? You're saying, oh, we can read some things in because that makes sense, but we can't read other things in that make sense. Because now, all of a sudden, any means any. We're not asking the court to read anything into that phrase. Any other recovery or reward. But you just told me that we are reading something in. Because if she had other unrelated litigation pending in the state courts, this litigation, this preclusion sentence would not apply to that. Well, that links to the dismissal with prejudice. Excuse me, but isn't that a different story? I mean, if there's preclusion because there's preclusion, that's one thing. That's different than there's preclusion because language in this agreement, in effect, agrees to some definition of preclusion. If it's precluded as a matter of law, independent, once you've settled this case, the claim in the court of claims is automatically, as a matter of law, precluded, then you don't have to rely on this sentence at all and we're in a totally different ballgame. Well, the sentence still has meaning because it bars an award, an award of attorneys. But as far as recovery goes, this case is brought against individual tortfeasors. The state is liable in the court of claims only vicariously. So once you dismiss the case against the individual tortfeasors with prejudice, first sentence, then it follows, second sentence, that plaintiff gets no further recovery or reward because there's no longer a basis. What's the role, then, of the court of claims action? What happens to the court of claims action? What they should have done, what we asked them to do, which is dismiss the court of claims action. You asked them, meaning the court of claims? We asked them after this. Them, meaning the court of claims? No, well, first we asked plaintiff, plaintiff declined, and then we asked the court of claims. Court of claims said, look, it's a federal judgment. We're going to follow the federal courts. And at the time, the federal court was Judge Geraci. But as this court well knows, that order is appealable and the district court is not the last word. So we're asking this court to construe the offer of judgment. Then I'll ask you, where does the anti-injunction statute fit in? The anti-injunction statute doesn't fit in at all. First, the act's not jurisdictional. So if a court's concerned about its jurisdiction, we've cited precedent in our letter that it doesn't affect the court's jurisdiction. It only limits the remedy. And our motion sought to protect or effectuate the district court's judgment. That's an exception that's written into the anti-injunction act that applies to res judicata, collateral estoppel, scope of judgment. We also sought other and further relief in addition to an injunction. And we specified in our opening brief to this court that that would include a declaration. And a declaration would do the job. Plaintiff is represented that she will follow this court's construction of the offer of judgment. And I'll represent that we will as well. So an injunction, plaintiff is correct. It's unright. It's not going to come up. Because whatever this court says, both parties can be relied upon to follow it. And finally, again, the court of claims said, look, we're not going to construe this federal judgment. You guys do it. So we're here in this court. And we're asking the court to give effect to the plain language that is, there shall be no further recovery or reward. Thank you, counsel. Thank you, Your Honor. Thank you, Your Honor. Mr. Shelley, you're reserved. Thank you. Very quickly, Your Honors. The question put to my colleague, my adversary, where is the limiting principle of the language that he cites, the second sentence? And the answer he gave was, well, you have to look at the first sentence, which is a dismissal with prejudice. But of course, the dismissal with prejudice was as to named defendants in the federal case, not the state of New York. And if you look at my adversary's reply brief at the bottom of page three and top of page four, you'll see that he concedes that that part of the offer, the part that calls for the dismissal of the claims against named defendants that are, were, or could have been brought in this court, is not and does not rely on or does not refer to in any way the court of claims case. So there is no, the short answer is, to Judge Lynch's question, there is no limiting principle to their argument. Well, Mr. Shelley, Mr. Burdi made another argument that I may have missed in the briefs, that regardless of this sentence, there would be preclusive effect of this judgment on the court of claims case. So let me ask you what your theory is on that. Suppose you got this judgment by winning a lawsuit. You had a jury trial. The jury awards $2.25 million worth of damages against the named defendants. Would that judgment preclude the court of claims action, preclude you from asking for more damages from the state of New York? Absolutely not. The preclusion can only apply against a party who was a party in the federal litigation, which the state was not. Was someone in privity with? Well, the question of privity, I mean, there's a real question about whether privity and indemnification are the same thing. There's no case that says that they are. They cite this silver versus. In relation to vicarious liability, isn't the only way that the state is liable here because of the fact that their agents did this? Absolutely not. I mean, well, there's a statute that says that the state is submitting itself to a damages claim for wrongful death only in the court of claims where there's no jury. And they're responsible if we can demonstrate that their agents carried that out. By the way, the agents that we're relying on there are the people who actually held our client down and suffocated her for 43 minutes and killed her, some of whom went to jail. Not the supervisory defendants that my adversary represents here. Well, but they were also named defendants. Yes. So I guess what I'm contemplating is a judgment after a jury trial that came out with this answer. Yes. These are the people who are liable, and they're liable for this amount of money. So it's the right question, and the answer under state law, under the general obligations law, section 15108A, is that there's an offset or a setoff. People say it differently. You get to present your case against the state of New York. You get to show your damages with respect to the damage categories that overlap. Not all do. In the federal case, we're entitled to hedonic damages and punitive damages. In the state case, we are not entitled to those. The only overlap is with respect to pain and suffering damages. So you present your case on that. They then have an opportunity to say, wait a second, we paid $2.25 million in the federal case, and there should be an offset for that. And it's their burden, and this is the law of the case, Your Honor, because this came up in front of Judge Martin in the court of claims. It's their burden to show what those damages represented in the resolution of the federal case, and that there is or is not an overlap with respect to what the court finds in the court of claims. So it's not a problem. I'm puzzled by that, though, because isn't the, again, if this were the award of a jury, and I take it we're all agreeing it's the equivalent of that, and they said this is the total that you get. This is all the damages we find, including damages that aren't available in the state law and ones that are, because certainly pain and suffering, whatever else, lost earning, anything that's going to be allowed in the state court is encompassed in this judgment, and the jury found that this is how much it adds up to. If that's the case, how do you get to go and ask the court of claims to award more money than the judgment in this case allowed? Our client was, I think, 34 years old when she was killed. She had another, call it 30 or 40 years of life at a minimum to live, and under federal law she would have been entitled in federal court to damages for loss of enjoyment of life or hedonic damages. Those are not available in the state court at all. So what they were doing with this offer of judgment is, in my view, they were cutting off their exposure for hedonic damages and for punitive damages, neither of which were available at all in state court. But the other damages that you would be seeking in state court are available in federal court, aren't they? They are. And this is the award. If this were a jury award and the jury didn't specify what it's for, why doesn't that imply that this is the total that, you know, if they awarded $1 for enjoyment of life or $2 million for that, whatever is the remainder has to be for, you know, where they may be given zero on one or the other categories, but it encompasses an award of what you asked for in this case. And this comes up all the time when you have joint tort feasors and somebody settles and somebody else goes to trial. It so happens that in this case that's going on in two different court systems because we have sovereign immunity. But this kind of thing comes up all the time, and it will be their problem when we get to the court of claims to demonstrate what this settlement reflects. And we will argue that it reflects hedonic damages and punitive damages, and they will argue that it reflects, at least some part of it reflects pain and suffering, and they'll have to deal with that problem, that proof. But that's not preclusion. That's not res judicata. You can't apply res judicata to a party who wasn't there. That's the point, and couldn't be there. The city of Bedford case that they cite is a case where a party could have added the city of Bedford along with the police officers. They failed to do it timely, and then they tried to bring a second case. There's nothing more different. In this case, we sued the state first. We litigated against them for two years. Then we brought a case against the supervisors. That's the case that they resolved with the offer of judgment. And the court of claims case is still technically pending? Yes, yes. Make it simple for me. Supposing the court of claims decides a case and decides that it's $2 million in damages. Yes. Just says $2 million. What effect does that have on your client? Well, that will be, if it's $2 million in damages, all of that will be the pain and suffering. That's all we're entitled to in state court. So then the question will be, well, how much of the $2.25 million that has been paid to settle for the supervisory defendants and the other individual defendant employees, how much of that was for pain and suffering and how much of it was for hedonic damages or punitive damages? And that will be up to the court of claims judge, Your Honor. And if she decides that $100,000 was for pain and suffering in the federal case and the other $2,125,000 was for hedonic damages, the 40 years of lost life, then they'll have to pay the delta between $100,000 and the $2 million that Your Honor hypothesized. I think my math is right on that. I'm way over my time, but thank you. Thank you, counsel. Thank you both. We take it under advisement.